UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



**FILED**

NOV 06 2009

CLI

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |  |
|---|---|---|
| CHARLES THORNTON, | \* | CIV. 09-4083 |
| | \* | |
| Plaintiff, | \* | |
| | \* | |
| vs. | \* | |
| | \* | REPORT and RECOMMENDATION |
| DOUGLAS WEBER, | \* | |
| | \* | |
| Defendant. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Plaintiff is an inmate at the South Dakota State Penitentiary (SDSP) in Sioux Falls, South Dakota. He filed this *pro se* civil rights law suit pursuant to 42 U.S.C. § 1983, seeking monetary and injunctive relief. Plaintiff was granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915(e)(2). To date, Petitioner has not paid any of the $350.00 filing fee.

The Court has, as it must, "screened" Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. For the reasons more fully explained below, it is recommended to the District Court that Plaintiff's Complaint be dismissed for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

## BACKGROUND

Plaintiff filed this § 1983 lawsuit seeking redress for what he perceives as a failure by prison personnel to follow their own policies. He does not allege he sustained any injury as a result of the incident.

The following facts gleaned from Plaintiff's Complaint are accepted as true for purposes of this § 1915 "screening." On May 27, 2009, Plaintiff and his cellmate were in the disciplinary segregation unit of the SDSP. The two men were in the "rec cage" when the officer on duty came to return them to their cell. The officer removed Plaintiff's cellmate's handcuffs, but failed to remove Plaintiff's handcuffs. Plaintiff protested to the officer, but the officer told Plaintiff he would return on his next round. The Plaintiff pushed the "call light" four times before someone came (thirty five

minutes later). When the Unit Manager arrived the Plaintiff told him "I could have been dead." The Unit Manager removed Plaintiff's handcuffs and Plaintiff immediately filled out a grievance form. The relief Plaintiff seeks is "Want justice to be served and the Warden to pay me the sum of 24 grand as a settlement an place the South Dakota Sioux Falls prison under investigation of brakeing (sic) policy unprofasional (sic) staff they have here indangering (sic) inmates."

## DISCUSSION

The Court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Also, "although liberally construed, a pro se complaint must contain specific facts supporting its conclusions." *Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993)(citations omitted). A plaintiff "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965, (2007). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Bell Atlantic* requires a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." Id. at 1965. *See also, Abdullah v. Minnesota*, 2008 WL 283693 (Feb. 4, 2008) (citing *Bell Atlantic* noting complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory).

It has long been recognized that "civil rights pleadings should be construed liberally." *Frey v. City of Herculaneum*, 44 F. 3rd 667, 671 (8th Cir. 1995). The complaint, however, must at the very least contain facts which state a claim as a matter of law, and must not be conclusory. *Id.* Broad and conclusory statements unsupported by factual allegations are not sufficient. *Ellingburg v. King*, 490 F.2d 1270 (8th Cir. 1974). Finally, although *pro se* complaints are to be construed liberally, "they must still allege facts sufficient to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). The Court is not required to supply additional facts for a *pro se* plaintiff, nor construct a legal theory that assumes facts which have not been pleaded. *Id.* It is with these standards in mind that Plaintiff's Complaint is carefully considered.

### Warden Weber is not Vicariously Liable for Employee's Actions

Plaintiff has named only Warden Weber as a defendant in this civil rights lawsuit. Plaintiff

does not allege, however, that Warden Weber was personally involved in the incident which forms the basis for his claim. To be liable, an official must be personally involved in a constitutional violation, or must, through deliberate inaction, tacitly authorize it. *Ripson v. Alles*, 21 F.3d 805, 809 (8th Cir. 1994). "A warden's general responsibility for supervising the operations of a prison is insufficient to establish personal involvement." *Ouzts v. Cummins*, 825 F.2d 1276, 1277 (8th Cir. 1987). Public officials cannot be held liable for claims brought under § 1983 based on respondeat superior. *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993). "[A] supervisor may not be held vicariously liable under § 1983 for an employee's actions." *Liebe v. Norton*, 157 F.3d 574, 579 (8th Cir. 1998). Plaintiff has not alleged Warden Weber was personally involved in any way. His Complaint therefore fails to state a claim upon which relief can be granted under 42 U.S.C. § 1983.

### Plaintiff Has Failed to Articulate a Constitutional Injury

Even if he had properly named the person involved in the May 27, 2009 incident, Plaintiff's Complaint would not survive § 1915 screening. Plaintiff has not claimed any injury whatsoever. At best, he has claimed the officer in question failed to follow proper SDSP policies, which "indangered" but did not injure Plaintiff. Even assuming the officer violated an internal SDSP policy by failing to remove Plaintiff's handcuffs, absent some showing of an actual injury, Plaintiff has failed to articulate a constitutional violation.

A violation of an internal policy, state law or regulation is not a per se constitutional violation and does not in and of itself state a claim under 42 U.S.C. § 1983. *Ebmeier v. Stump*, 70 F.3d 1012, 1013 (8th Cir. 1995); *Fultz v. Whittaker*, 261 F.Supp.2d 767, 782 (W.D. Kentucky 2003). The appropriate question is not whether an administrative provision was violated, but whether the Constitution was violated. This is because government agencies are free to hold their officials to higher standards than the Constitution requires. *Cole v. Bone*, 993 F.2d 1328, 1334 (8th Cir. 1993). For this reason as well, Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

### The Filing Fee

If Plaintiff's suit had been allowed to proceed and he prevailed on the merits, he would have recovered the filing fee. Both the legislative history and the case law interpreting the Prison Litigation Reform Act, however, instruct that unsuccessful prison litigants, like any other litigants,

do not get their filing fees back if their cases are dismissed. That Plaintiff's case is dismissed pursuant to the screening procedures of § 1915 does not negate his obligation to pay the fee. *In Re: Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997). The obligation to pay a filing fee accrues the moment a plaintiff files his Complaint with the Court, and it cannot be avoided merely because the case is eventually dismissed. *See also In Re: Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) (prisoner will be assessed full filing fee even if his case is dismissed because "the PRLA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."). The filing fees paid to date (if any), therefore, will not be refunded to the Plaintiff and he remains responsible for payment of the remainder of the $350 fee.

## CONCLUSION, RECOMMENDATION AND ORDER

A careful review of Plaintiff's Complaint and the relief he seeks leads to the conclusion that he has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983. It is therefore respectfully **RECOMMENDED** to the District Court that Plaintiff's Complaint be **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1). Therefore, it is **ORDERED**:

(1)     Plaintiff's filing fees paid to date (if any) will not be refunded and he remains responsible for the entirety of the fee;

(2)     It is **RECOMMENDED** to the District Court that Plaintiff's Complaint be **DISMISSED** without prejudice.

Dated this _____ day of November, 2009.

BY THE COURT:

John E. Simko
United States Magistrate Judge

ATTEST:
JOSEPH HAAS, CLERK
By:_____, Deputy
(SEAL)

## NOTICE TO PARTIES

The parties have ten (10) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court.

*Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990)
*Nash v. Black*, 781 F.2d 665 (8th Cir. 1986)

4